J-A16023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYLIEFF BROWN | : | |
| | : | |
| Appellant | : | No. 264 EDA 2017 |

Appeal from the Judgment of Sentence September 9, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001138-2014

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                          **FILED JULY 05, 2018**

Kylieff Brown appeals, *nunc pro tunc*, from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after a jury convicted him of one count of possession with intent to deliver a controlled substance (PWID).[1]  After careful review, we affirm.

The trial court summarized the findings of fact as follows:

> This case arises out of a chance meeting between the complaining witness, Kevin Slaughter, and the [d]efendant, Kylieff Brown, at the SugarHouse Casino.  Upon observing the complainant's good fortune at the blackjack tables, [Brown] solicited [Slaughter] to engage in a drug and gun deal.  [Slaughter's] assent to this request initiated a series of events culminating in the kidnapping for ransom, robbery, and attempted murder of [Slaughter].  The four co-defendants were connected to each other and to the three crime scenes through cell phone messages and cell site analysis. This is an abridged version of the facts pertinent to this appeal since [Brown] was solely convicted of PWID.

---

[1] 35 Pa.C.S. § 780-113(a)(30).

[Slaughter] testified that he was on parole in December 2013 for a prior drug conviction. On the evening of December 8, 2013, at approximately 8:00 P.M., [Slaughter] went to the SugarHouse Casino to play blackjack. He ran into [Brown], whom he met in prison. The two sparked a conversation about drugs and a gun. [Slaughter] indicated to [Brown] that he could sell him both.

[Brown] stated to [Slaughter] that his cousin in Delaware was looking for 31 grams of cocaine. [Brown] also wanted a gun. [Slaughter] told [Brown] that he could sell him a .380 caliber firearm. [Brown] indicated that he wanted to do the deal immediately. Video surveillance from the casino shows [Brown] and [Slaughter] at the cashier at 9:13 P.M.

[Slaughter and Brown] drove in [Slaughter's] black Cadillac DTS from SugarHouse to South Philadelphia to pick up the drugs and the gun. [Brown] arranged for them to meet his cousin at 49th Street and Baltimore Avenue. [Slaughter] pulled over at 49th Street and Springfield Avenue. He told [Brown] to tell his cousin to meet him there instead of 49th Street and Baltimore Avenue.

[Slaughter] was abducted at that time. He was eventually ransomed to his wife approximately fifty minutes after the time of the initial abduction. He was removed from the van in Northeast Philadelphia at approximately 11:30 P.M. on December 8, 2013.

Jonathan Moore testified that he observed the abduction and called 911. He pointed out a gold vehicle which was parked at the scene to the responding officers. Mr. Moore testified that he observed a man pick up something near [Slaughter's] black Cadillac and get into the gold vehicle.

Officer Christopher Sweeney testified that the gold vehicle[, which had Delaware tags,] was parked on Springfield Avenue with three occupants inside. The rear driver's side passenger was identified as co-defendant, Kareem Cooley. The male seated in the driver's seat was identified as Derrick Hagains. The front passenger was identified as Anthony McCray. A fourth male, later identified as [Brown], was detained in the back of a police cruiser when Officer Sweeney arrived at the scene.

Four clear plastic bags containing an off-white chunk[y] substance were recovered from inside of the gold vehicle. One of the bags was recovered under the lining of the vehicle near the back passenger's side window. That bag weighed 25.246 grams. The

other three bags weighed 13.921 grams in totality. It was determined that the substance in each bag was crack/cocaine.

Trial Court Opinion, at 2-4.

On July 13, 2016, Brown was found guilty of PWID after a jury trial, presided over by the Honorable Rose Marie DeFino-Natasi. On September 9, 2016, Brown was sentenced to forty to eighty months' imprisonment. Trial counsel, Shawn Page, Esquire, did not file a notice of appeal. On December 18, 2016, Brown filed an untimely *pro se* notice of appeal. David Barrish, Esquire, was appointed appellate counsel and, on November 21, 2016, filed a petition for reinstatement of Brown's appellate rights *nunc pro tunc*. On December 5, 2016, this Court quashed Brown's *pro se* appeal as untimely. On December 16, 2016, the trial court granted Brown's petition. Brown filed a timely notice of appeal *nunc pro tunc*, and a court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal on February 28, 2017.

On appeal, Brown challenges the sufficiency of the evidence to support his conviction. As a preliminary matter, we note that the Commonwealth urges us to find that Brown has waived his sufficiency claim because he did not present it with the requisite specificity in his Rule 1925(b) statement. It is well-settled that an appellant's concise statement must specify the error to be considered on appeal. **Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011). "[A Rule 1925(b)] [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no [c]oncise [s]tatement at all." **Commonwealth v. Heggins**, 809 A.2d 908, 911 (Pa. Super. 2002) **quoting Commonwealth v. Dowling**, 778 A.2d 683,

686-87 (Pa. Super. 2001). However, this matter is a single-count drug conviction and the trial court has thoroughly addressed Brown's claim in its Rule 1925(a) opinion. Accordingly, we decline to find waiver and will review Brown's sufficiency claim. *See Commonwealth v. Laboy*, 936 A.2d 1058, 1060 (Pa. 2007) (declining to find waiver for alleged failure of Rule 1925(b) statement to adequately develop sufficiency of evidence claim where matter was "relatively straightforward drug case," evidentiary presentation spanned "mere thirty pages of transcript," and trial "court readily apprehended [defendant's] claim and addressed it in substantial detail").

We now turn to the merits of Brown's sufficiency claim. Our standard of review is well-settled:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted).

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1235-36 (Pa. 2007) (internal citations omitted).

To prove the offense of possession with intent to deliver, the Commonwealth must prove beyond a reasonable doubt that a defendant both possessed a controlled substance and had the intent to deliver it. *Commonwealth v. Little*, 879 A.2d 293, 297 (Pa. Super. 2005). In narcotics possession cases, "the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the contraband." *Commonwealth v. Roberts*, 133 A.3d 759, 767-68 (Pa. Super. 2016) *quoting Commonwealth v. Vargas*, 108 A.3d 858, 868 (Pa. Super. 2014) (quotations omitted).

This Court has previously stated that constructive possession is a legal fiction. Constructive possession is essentially an inference arising from the facts and circumstances that possession of the contraband was more likely than not. *Roberts*, *supra*, at 768. "The Commonwealth may sustain its burden by means of wholly circumstantial evidence." *Id.* The intent to deliver can be inferred from a large amount of a controlled substance; conversely, possession of a small amount of a controlled substance implies absence of the intent to deliver. *Id.* Other facts may be considered in addition to the quantity of the controlled substance, including the way the contraband was packaged and the behavior of the defendant. *Id.*

The trial court summarized the evidence adduced at trial as follows:

Testimony at trial established that [Brown] solicited [Slaughter] to engage in a drug deal with his cousin from Delaware. The two then went to South Philadelphia to pick up the drugs and gun, then went to make a delivery of the contraband in Southwest Philadelphia. [Brown] was arrested on the scene of the initial abduction in Southwest Philadelphia. Based on Officer Sweeney's testimony regarding the location of each of the persons inside the gold vehicle with Delaware tags, the jury could infer that [Brown] was sitting in [the] rear back passenger's seat at the time of his arrest.

Detectives seized four clear plastic bags containing crack/cocaine from inside of the gold vehicle. One of the bags weighed 25.246 grams. That bag was recovered near the back passenger's side window. The three other bags weighed 13.921 grams in totality. The jury was free to accept the inference that [Brown] took the drugs from [Slaughter's] vehicle at the time of the abduction and brought them into the gold vehicle. The evidence was sufficient to prove that [Brown] had control and possession of the drugs, i.e. constructive possession, and that he possessed the crack/cocaine with the intent to deliver.

Trial Court Opinion, at 6-7.

We agree with the trial court's analysis. The record supports findings of both Brown's constructive possession of narcotics as well as his intent to deliver them, through a drug deal that he coordinated. Accordingly, Brown's sole appellate claim is meritless.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: 7/5/2018

- 6 -